UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN CHASTAIN,

       Plaintiff,                   CIVIL ACTION NO. 08-CV-12299-DT

vs.

                                      DISTRICT JUDGE NANCY G. EDMUNDS

WILLIAM J. SARASIN, et al.,      MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** The Motion for Summary Judgment filed by Defendants Sarasin and Birkett (docket no. 18) should be **GRANTED**, and this action should be **DISMISSED.**

**II.**    **REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Sarasin and Birkett. (Docket no. 18). Plaintiff has responded to the motion. (Docket no. 19). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 16). This Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    **A.**    **Facts and Claims**

Plaintiff is a Michigan state prisoner housed at the Standish Maximum Correctional Facility (SMF) who is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant Sarasin is a clinical psychologist employed by the Michigan Department of Corrections

and is assigned to SMF. (Docket no. 18 ex. B). Defendant Birkett is the warden of SMF prison. (*Id*. ex. C).

Plaintiff claims that Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment by being deliberately indifferent to his mental health issues. (Docket no. 1 at 5). He contends that in October 2006 he was housed at Marquette Branch Prison and was a participant in the outpatient mental health treatment program. (*Id*. ¶ 4). A psychologist at Marquette Prison informed Plaintiff that he was going to remove Plaintiff from that program and take Plaintiff off of his medication. (*Id*. ¶ 5). Plaintiff was then transferred to SMF in February 2007. (*Id*. ¶ 8). Plaintiff states that he began requesting mental health treatment at SMF on March 14, 2007. However, his requests have been denied repeatedly by Defendant Sarasin. (*Id*. ¶¶ 9-10). Plaintiff alleges that he has "engaged in self-mutilation and attempted suicide." (*Id*. ¶ 15). Plaintiff states that Defendant Sarasin has diagnosed Plaintiff with a personality disorder, but that Defendant Sarasin claims that it would be inappropriate to refer Plaintiff to the outpatient treatment program. (*Id*. ¶ 16). Plaintiff claims that Defendant Birkett has failed to protect Plaintiff by failing to ensure that his employee, Defendant Sarasin, performs his duty to provide mental health treatment. (*Id*. ¶ 20). Plaintiff seeks damages and declaratory and injunctive relief. (*Id*. at 10).

Plaintiff attached to his Complaint several documents. A presentence investigation report dated in August 2007 for Plaintiff states that Plaintiff reports that he "has been involved in mental health counseling for a number of years." (Docket no. 1 ex. 1). Plaintiff also reports in that document that he "at one point" took medication to "keep him calm." (*Id*.). In an update to that report, Plaintiff reports to the officer that he has been in prison since the last report and has been self-mutilating, attempted suicide once, and "sticks things" in his body. (*Id*.). Plaintiff also attached

his affidavit to his Complaint which recounts many of the allegations of Plaintiff's Complaint. (*Id.* ex. 4).

Defendant Sarasin argues that the record shows he has not been deliberately indifferent to Plaintiff's mental health needs. (Docket no. 18). Plaintiff's claim is a dissatisfaction and difference of opinion with the treatment rendered, according to Defendant Sarasin. (*Id.*). Defendant Birkett argues that he did not have sufficient personal involvement in the alleged constitutional violation to impose liability upon him under section 1983. (*Id.*).

Defendants support their motion with affidavits. Defendant Sarasin states in his affidavit that Plaintiff's presentence report does not prove that Plaintiff has a bona fide mental illness. (*Id.* ex. B). Defendant further states that although Plaintiff has been involved in "serious outbursts of disturbing behavior" while at SMF, Plaintiff over the past year or so has "shown steady progress and improvement in his behavior." (*Id.*). Defendant Sarasin also says in his affidavit that Plaintiff's prison mental health records reveal that he received a psychiatric evaluation at the Marquette Branch Prison in October 2006. (*Id.*). That evaluation revealed that Plaintiff was found to have no mental illness and was diagnosed on Axis I as malingering. (*Id.*). Defendant Sarasin also states that since arriving at SMF Plaintiff has received "at least 48 documented counseling/evaluation sessions from licensed PSU psychologists." (*Id.*). Plaintiff has received ongoing assessment and treatment with psychological counseling and cognitive behavioral interventions. (*Id.*). Plaintiff has never been found to meet criteria for mental illness, according to Defendant Sarasin. (*Id.*). Defendant Sarasin says that Plaintiff's mental health records do not support his claims of regular self-mutilation since arriving at SMF and that on only one occasion (6/26/07) Plaintiff told staff that he was suicidal but refused to discuss it and did not show any suicidal or self-injurious behaviors. (*Id.*).

Defendant Birkett states in his affidavit that he personally has no direct involvement in the decisions regarding a prisoner's mental health care. (Docket no. 18 ex. C). He does not recall being personally contacted by Plaintiff regarding his mental health concerns nor has he personally responded to grievances on this subject. (*Id.*).

**B.     Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

**1.     Defendant Sarasin**

It is not disputed that Plaintiff has been seen by licensed psychologists at least 48 times since his arrival at SMF. (Docket no. 18 ex. B). Most if not all of these sessions were with Defendant Sarasin. (*Id.*; docket no. 1 ex. 4). Plaintiff states that he arrived at SMF in February 2007. Defendant Sarasin's affidavit, in which he reveals the 48 counseling sessions, was executed in November 2008. Therefore, over a 21-month period Plaintiff was seen by licensed psychologists

an average of over two times per month. Plaintiff fails to show that he has been diagnosed with any mental illness. He has been diagnosed with a personality disorder. However, Defendant Sarasin has concluded that the appropriate treatment for Plaintiff is not outpatient therapy and medication, as Plaintiff desires, but instead psychological counseling. Defendant Sarasin states in his affidavit that over the past year especially Plaintiff is responding well to this treatment and has shown steady progress and improvement in his behavior resulting in less restrictions on Plaintiff and better housing placement. (Docket no. 18 ex. B). Plaintiff fails to specifically dispute these assertions. (Docket no. 1 ex. 4).

A disagreement with the course of treatment fails to state a claim of deliberate indifference. *See Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). The facts of this case show that Plaintiff simply disagrees with the treatment program that Defendant Sarasin believes is appropriate. There is no showing that this treatment has been ineffective or that another course of treatment would produce substantially better results. Plaintiff has failed to establish that Defendant Sarasin has been deliberately indifferent to Plaintiff's mental health needs. Defendant Sarasin should therefore be granted summary judgment.

      **2.**     **Defendant Birkett**

Defendant Birkett, the warden of SMF, was not involved personally or directly in Plaintiff's mental health treatment. (Docket no. 18 ex. C). Plaintiff seeks to hold Defendant Birkett liable not for any action he took but because Defendant Birkett allegedly failed to ensure that Defendant Sarasin performed his duties. (Docket no. 19 at 10). Such a theory of liability fails to state a claim upon which relief may be granted under section 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Shanton v. Detrick*, 826 F. Supp. 979, 982 (N.D.W. Va. 1993) (correctional officers'

reliance upon professional judgment of attending physician fails to show deliberate indifference). Accordingly, Defendant Birkett should also be granted summary judgment.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 05, 2009         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

     I hereby certify that a copy of this Report and Recommendation was served upon Brian Chastain and Counsel of Record on this date.

Dated: February 05, 2009                    s/ Lisa C. Bartlett
                                                                   Courtroom Deputy